UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
William Masten and Catherine McAlister, on behalf of themselves and all others similarly situated,

                      Plaintiffs,

      v.

Metropolitan Life Insurance Company, the Metropolitan Life Insurance Company Employee Benefits Committee and John/Jane Does 1-20,

                      Defendants.
------------------------------------- X

No.: 18-cv-11229-RA

**STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and ensure that confidential material is protected, Plaintiffs William Masten and Catherine McAlister ("Plaintiffs") and Defendants MetLife Group, Inc. ("MetLife") and the MetLife Group, Inc. Employee Benefits Committee (collectively, "Defendants")[1] have agreed that the following Stipulation and Order Regarding Confidential Information ("Stipulation") be entered to govern the handling of Confidential Material (as defined below) produced in this Action (as defined below). The parties hereby agree to be bound by the terms of this Stipulation and agree that this Stipulation is enforceable as a stipulation unless and until superseded by the Court's entry of this as an Order.

---

[1] Defendants are improperly named in the Corrected Amended Complaint (Dkt. 42) as Metropolitan Life Insurance Company and Metropolitan Life Insurance Company Employee Benefits Committee, respectively.

IT IS HEREBY AGREED:

1. <u>Definitions.</u>

 a. The term "Action" shall mean the above-captioned case.

 b. The term "Discovery Material" shall mean all documents, electronically stored information, and tangible things (each having the broadest meaning accorded that term under Fed. R. Civ. P. 26 and 34) produced in discovery in this Action, whether originals or copies, whether produced pursuant to court order, Fed. R. Civ. P. 34, subpoena, or by agreement, including interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, and court papers to the extent that such court papers quote, reproduce, or summarize the content of any other Discovery Material.

 c. The term "CONFIDENTIAL MATERIAL" shall mean any Discovery Material designated "CONFIDENTIAL" pursuant to Paragraph 2, below.

 d. The term "producing person" or "producing party" shall mean, with respect to particular Discovery Material, the person disclosing the Discovery Material through discovery. "Producing person" includes the parties to the Action and their respective counsel and any other non-parties to the Action who are responding to discovery by subpoena or otherwise.

 e. The term "designating person" or "designating party" shall mean, with respect to particular Discovery Material, the person designating the Discovery Material as CONFIDENTIAL MATERIAL pursuant to Paragraph 2, below. The designating person need not be the producing person. A "designating person" may be a party to the Action and such party's counsel or any other non-party to the Action who is responding to discovery by subpoena or otherwise.

f.  The terms "party" or "parties" mean any person or entity that is party to the Action.

g.  The term "Court" refers to the United States District Court in the Southern District of New York as assigned in the captioned case.

2.  Designation of CONFIDENTIAL MATERIAL.

a.  Discovery Material may be designated CONFIDENTIAL by any party or the producing person if that person determines reasonably and in good faith that the Discovery Material contains (1) trade secrets, non-public proprietary information, or non-public commercially sensitive business information; (2) non-public financial information; (3) sensitive employee personnel information, including but not limited to employee compensation or benefits and employee evaluations or activity reports; (4) social security numbers, phone numbers, home addresses, dates of birth and other personal identifying information; or (5) any other type of information that any party determines reasonably and in good faith is confidential or proprietary.

b.  With respect to the CONFIDENTIAL portion of any Discovery Material (other than deposition transcripts, which are addressed below), the producing party shall designate CONFIDENTIAL MATERIAL by stamping or otherwise clearly marking each page as "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility.

c.  If a producing person inadvertently fails to designate Discovery Material as CONFIDENTIAL MATERIAL, it may make the designation belatedly, so long as it does so promptly after learning of the oversight.  Counsel for the receiving parties shall take reasonably necessary steps to assure the confidentiality of the CONFIDENTIAL MATERIAL, including reasonable efforts to secure return or destruction of the CONFIDENTIAL MATERIAL by

individuals to whom disclosure was made, but would not have been permitted by this Stipulation had the Discovery Material been originally designated as CONFIDENTIAL MATERIAL.

   d. A party who is a recipient of Discovery Material may designate it as CONFIDENTIAL by notifying the producing person in writing of the need to so designate it. In that event, the party designating shall mark the Discovery Material and distribute the Discovery Material as marked to each party.

   e. The receiving party shall not be deemed to join in the designating party's legal or factual assertions, claims, or arguments with respect to the confidential nature of Discovery Material designated CONFIDENTIAL MATERIAL and reserves all rights to object to the confidentiality designation of any such Discovery Material.

  3. <u>Restrictions on CONFIDENTIAL MATERIAL.</u> Confidential material produced or revealed in the Action shall be subject to the following restrictions:

   a. CONFIDENTIAL MATERIAL shall be used only for the purpose of prosecuting or defending the Action, or otherwise required by law or by order of a court of competent jurisdiction, and not for any business or other purpose whatsoever.

   b. Except as otherwise provided, CONFIDENTIAL MATERIAL shall not be shown, distributed, quoted, or summarized in any way to anyone other than:

    i. counsel for the parties in the Action who are actively engaged in the conduct of the Action (both outside and in-house counsel employed by a party) and secretarial, paralegal, technical, and clerical persons (including outside vendors or service providers) assisting them in the conduct of the Action;

      ii.  this Court and its employees, the triers of fact, and court reporters transcribing testimony herein (whether during the course of deposition or trial testimony) and notarizing officers;

      iii.  the parties to this action, including employees of MetLife who are involved in overseeing or directing the Action and have a reasonable need for the information in connection with the prosecution or defense of the Action;

      iv.  the authors, addressees, copy recipients, originators of the CONFIDENTIAL MATERIAL or other persons whom counsel reasonably and in good faith believes have previously seen or otherwise had access to it;

      v.  experts retained as either consultants or potential witnesses and any other litigation consultants retained;

      vi.  witnesses in the course of deposition or trial testimony who are examined in good faith by counsel with respect to CONFIDENTIAL MATERIAL for legitimate discovery or trial purposes, and any person who counsel believes in good faith may be a witness in this action and whose examination with respect to CONFIDENTIAL MATERIAL may be necessary in connection with that testimony.  The provisions of this Stipulation apply to any person(s) attending a deposition in which CONFIDENTIAL MATERIAL is disclosed to the same extent as if such person were being shown written CONFIDENTIAL MATERIAL.

      vii.  any third-party mediator or neutral selected by the parties or assigned by the Court, including the administrative staff for the mediator or neutral;

    c.  Each person described in subparagraphs 3(b)(v) receiving CONFIDENTIAL MATERIAL shall execute a copy of the Certification annexed to this Stipulation (which shall be retained by counsel to the party so disclosing the CONFIDENTIAL

MATERIAL and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court).  Each person described in subparagraph 3(b)(vi) receiving CONFIDENTIAL MATERIAL shall be shown a copy of this Stipulation and a copy of the Certification annexed to this Stipulation.  If such person declines to sign the Certification, the deposition may continue and any party may seek appropriate relief from the Court.

         d.     An attorney for a party in this Action may not disclose CONFIDENTIAL MATERIAL to any person or entity other than as provided in this Stipulation without the prior written consent of the person who designated the material as CONFIDENTIAL.  Consent will not be unreasonably refused or delayed, nor shall a response either to consent or refuse consent be unreasonably delayed.  If the designating party does not agree, the attorney seeking to show the CONFIDENTIAL MATERIAL may apply to the Court for relief from this Stipulation.

         e.     Nothing in this Stipulation shall be construed to limit in any way the right of any producing person to use its own Discovery Material, including CONFIDENTIAL MATERIAL, for any purpose and to waive its own designations of CONFIDENTIAL MATERIAL; provided, however, that the Court may consider the producing party's own disposition, distribution, and publication of Discovery Material as bearing on the propriety of a designation of CONFIDENTIAL MATERIAL.

    4.    <u>Confidentiality of Depositions.</u>  A party or non-party may designate specific information disclosed during a deposition as CONFIDENTIAL MATERIAL by so indicating on the record at the deposition.  Additionally, a party or non-party may designate in writing within thirty (30) days after receipt of the deposition transcript for which the designation is made, that specific pages of a transcript made by a party or the non-party deponent be treated as

CONFIDENTIAL MATERIAL.  Counsel for the designating party shall provide all parties with replacement copies of the designated transcript(s) in which the CONFIDENTIAL MATERIAL is so marked.

5. <u>Subpoena by Other Courts or Agencies.</u>  If another court or an administrative agency subpoenas or orders production of CONFIDENTIAL MATERIAL that a party has obtained in discovery in the Action, the party that has received the subpoena or order shall notify the person who designated the Discovery Material as CONFIDENTIAL MATERIAL of the pendency of such subpoena or order in writing as soon as reasonably possible, but in no event later than seven (7) business days after receiving the subpoena or order, and in any event before the date of production set forth in the subpoena or order.  The designating person may then notify the person receiving the subpoena in writing of the designating person's intent to intervene to resist the subpoena.  Should the designating person give notice of such an intent, the person receiving the subpoena shall take reasonable and necessary steps to withhold production while the intervening person's motion is pending, if permitted by law; the designating party shall be responsible for, and shall timely pay, all fees and costs incurred by the person receiving the subpoena in order to do so (including attorneys' fees and costs).  Provided, however, that nothing in this Stipulation shall be construed to require a party to violate or refuse to comply with valid orders of any court, or with the rules of procedure of any court.

6. <u>Filing.</u> Confidential portions of filings with the Court, including information subject to confidential treatment in accordance with the terms of this Stipulation that is filed with the Court, and any portions of pleadings, motions or other papers filed with the Court disclosing any CONFIDENTIAL MATERIAL, shall be filed under seal and kept under seal until further order of the Court.  The filing party shall make an application to seal or redact the materials

containing CONFIDENTIAL MATERIAL in accordance with the Court's Individual Rules or such other rules as may be applicable. A copy of a party's application to seal or redact shall be contemporaneously served on all other parties.

7. <u>Use.</u> Persons obtaining access to CONFIDENTIAL MATERIAL designated under this Stipulation shall use the material only for preparation and trial of the Action (including appeals and retrials) and shall not use the material for any other purpose. Nothing in this Agreement shall be construed to affect the evidentiary admissibility or inadmissibility of any CONFIDENTIAL MATERIAL. This Stipulation shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any CONFIDENTIAL MATERIAL.

8. <u>Non-Termination.</u> This Stipulation shall remain effective after the conclusion of the Action. Within thirty (30) days after final conclusion of all aspects of the Action (including any appeals and retrials), CONFIDENTIAL MATERIAL and all copies in the files of all attorneys and all other persons who have possession of such material shall be destroyed, except that counsel of record for each party may maintain in its files customary copies of all pleadings, motion papers, transcripts, exhibits, expert reports, orders, briefs, legal memoranda, and correspondence with the Court, and its customary attorney work product, correspondence, and other case files. In addition, the parties may retain CONFIDENTIAL MATERIAL (i) to the extent required by law, regulation, or legal process; or (ii) that is retained as part of an electronic backup, recovery, or archival system, so long as such CONFIDENTIAL MATERIAL is not accessible in the ordinary course of business and is not accessed except as required by law, regulation, or legal process or for backup, recovery, contingency planning, or business continuity planning purposes. All counsel of record shall certify their own compliance with this paragraph, and shall obtain certification from their clients and expert consultants retained by them, and, not

more than thirty-five (35) days after final termination of the Action, shall deliver to counsel for the producing party the certifications.

9.  **No Waiver.**  This Stipulation is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of privileged material is not a waiver of any applicable privilege, including but not limited to, the attorney-client privilege and the work product doctrine, in any other federal or state proceeding.  Should counsel believe that another party inadvertently produced a privileged document, counsel shall promptly notify the producing person.  A producing person who inadvertently discloses material it claims to be covered by a privilege shall give notice promptly after discovery of the inadvertent disclosure that the material is privileged.  Upon receipt of such notice, if the person to whom such information was disclosed seeks to challenge the claim of privilege or lack of waiver, the notice and motion procedures set forth in paragraph 10, below, shall apply.  Persons in receipt of purportedly privileged information shall not view the material from the time of the notice until resolution of the dispute.  If the claim of privilege is upheld, the material shall be returned or destroyed on request of the producing person or counsel.  In addition, the disclosure of CONFIDENTIAL MATERIAL pursuant to the procedures set forth in this Stipulation does not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to, or in, such information.  It is expressly acknowledged that no such right or interests shall be affected in any way by production of Discovery Material designated CONFIDENTIAL MATERIAL in the Action.

10. **Disputes.**  If a dispute arises regarding the applicability of the provisions of this Stipulation, the affected parties shall make good faith efforts to resolve the dispute without intervention of the Court.  A party shall not be obliged to challenge the propriety of the designation of information as CONFIDENTIAL MATERIAL at the time the designation is

made, and failure to do so shall not preclude a subsequent challenge thereof whether during the pendency of this Action or afterwards.  A party that objects to another person's designation of Discovery Material as CONFIDENTIAL MATERIAL hereunder shall give the designating person of such CONFIDENTIAL MATERIAL and all parties to this Action written notice of such objection, including a specific designation of the Discovery Materials to which objection is raised, and an explanation of the basis for objection.  Counsel shall confer within seven (7) business days of such objection to attempt to resolve the dispute.  In the event that the dispute is not resolved through such conference, the designating person shall have fifteen (15) business days following notice of objection to move for an order designating the Discovery Material "CONFIDENTIAL."  In ruling on such a motion, the burden shall be on the party seeking to preserve confidentiality to establish the confidential nature of the Discovery Material.  While such a motion is pending, no disclosure of the CONFIDENTIAL MATERIAL may be made except in accordance with this Stipulation, and the material will be treated as CONFIDENTIAL MATERIAL pending resolution of the dispute by the Court.

11. <u>Modification Permitted.</u>  Nothing in this Stipulation shall prevent any party from seeking from the Court modification of this Stipulation or from objecting to discovery in accordance with the federal rules.  Nothing in this Stipulation shall prevent the Court from ordering any appropriate relief with respect to the matters addressed in this Stipulation.

Dated:  August 6, 2021

By: */s/ Mark P. Kindall*

    Mark P. Kindall
    Izard, Kindall & Raabe LLP
    29 South Main Street, Suite 305
    West Hartford, CT 06107
    New York, NY 10036
    mkindall@ikrlaw.com

    Gregory Y. Porter
    Bailey & Glasser LLP
    1055 Thomas Jefferson Street NW
    Suite 540
    Washington, DC 20007
    gporter@baileyglasser.com

*Attorneys for Plaintiffs*

By: */s/ Russell L. Hirschhorn*

    Russell L. Hirschhorn
    Myron D. Rumeld
    Proskauer Rose LLP
    Eleven Times Square
    New York, NY 10036
    rhirschhorn@proskauer.com
    mrumeld@proskauer.com

*Attorneys for Defendants*

**So Ordered**, this 9th day of August, 2021:

_____
Hon. Ronnie Abrams, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ X

| | | |
|---|---|---|
| William Masten and Catherine McAlister, on behalf of themselves and all others similarly situated, | : : : : | |
| Plaintiffs, | : : | No.: 18-cv-11229-RA |
| v. | : : | |
| Metropolitan Life Insurance Company, the Metropolitan Life Insurance Company Employee Benefits Committee and John/Jane Does 1-20, | : : : : | **STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION** |
| Defendants. | : : | |

------------------------------------ X

## ACKNOWLEDGMENT OF CONFIDENTIALITY

    I hereby attest that I have read, understand and agree to be bound by the terms, conditions and restrictions of the Stipulation and Order regarding Confidential Information ("Stipulation and Order") in the captioned proceeding. To the extent that I receive Confidential Material within the meaning of the Stipulation and Order, I will act in accordance with my obligations as described in the Stipulation and Order. I further agree that I will maintain the Confidential Material in confidence and will use such material only in accordance with the terms of the Stipulation and Order. I hereby submit to the jurisdiction of the Court for the purpose of enforcement of the Stipulation and Order and this Acknowledgment of Confidentiality.

Dated: _____

                                  _____
                                               Signature

                                  _____
                                          Printed Name