

Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

# MEMO ENDORSED.

Russell L. Hirschhorn
Member of the Firm
d +1.212.969.3286
f 212.969.2900
rhirschhorn@proskauer.com
www.proskauer.com

July 1, 2022

**By ECF**

The Honorable Ona T. Wang
U.S. District Court Magistrate Judge, S.D.N.Y.
500 Pearl Street
New York, NY 10007

Re: *McAlister v. Metropolitan Life Insurance Co.*, Case No. 18-cv-11229-RA-OTW (S.D.N.Y.)

Dear Judge Wang:

    We represent Defendants Metropolitan Life Insurance Company, MetLife Group, Inc., and the MetLife Group, Inc. Employee Benefits Committee (collectively, "Defendants")[1] in the above-referenced action. We write to request that Exhibits A and C to E to Defendants' Declaration of April Girolami in support of Defendants' opposition to Plaintiffs' motion for class certification ("Girolami Declaration") be filed with limited redactions to cover confidential settlement information. As discussed further below, Defendants submit that these exhibits should be redacted notwithstanding the presumption of access discussed by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016). We have conferred with Plaintiffs' counsel in accordance with Your Honor's Individual Practices and Plaintiffs have voiced no objection to the proposed redactions.

**Documents in Question**

    As discussed in Defendants' memorandum of law, Exhibits A through E of the Girolami Declaration are Separation Agreement, Waiver and General Release documents ("General Releases") executed by certain of the named Plaintiffs and proposed class representatives, which, Defendants have argued, warrant denial of Plaintiffs' motion for class certification because they subject 464 putative class members, including two of the three proposed class representatives, to unique, fact-intensive defenses that render class certification inappropriate. By their terms, the General Releases are confidential and, indeed, the severance benefits paid to the Plaintiffs were conditioned on confidentiality.

---

[1] Defendant MetLife Group, Inc. Employee Benefits Committee is improperly named as the Metropolitan Life Insurance Company Employee Benefits Committee.

**Proskauer»**

The Honorable Ona T. Wang
July 1, 2022
Page 2

**<u>Legal Basis for Redaction</u>**

Court records should be filed under seal or redacted when their "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 13–14 (1986). Although "there is a strong presumption against sealing court records from public inspection[,] . . . [t]he public's right to access court documents is not . . . absolute in that it may be surmounted by a party's showing that sealing will further other substantial interests[.]" *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 11-cv-1209, 2013 WL 4012772, at *2–3 (D. Conn. Aug. 5, 2013) (citing *Matter of New York Times Co.*, 828 F.2d 110, 114–16 (2d Cir.1987)).

Courts in this district have recognized that a privacy interest sufficient to warrant the sealing of public records attaches to confidential settlement agreements. *See, e.g.*, *Pecou v. Bessemer Trust Company*, No. 22-cv-1019, ECF No. 32 (S.D.N.Y. June 29, 2022) (granting motion to redact consideration in separation agreement used to argue in motion to dismiss that plaintiff's claims were released); *Navar v. Walsh Constr. Co. II, LLC*, No. 18-cv-10476, 2020 WL 7043067, at *1 (S.D.N.Y. Dec. 1, 2020) (granting motion to redact filed versions of separation agreement as "necessary to prevent the unauthorized dissemination of confidential business information" in accordance with *Lugosch*); *Bowling v. Johnson & Johnson*, No. 17-cv-3982, ECF No. 116 (S.D.N.Y. Apr. 22, 2019) (granting request to seal confidential settlement terms offered in opposition to motion for class certification); *Louis Vuitton Malletier, S.A. v. Hyundai Motor Am.*, No. 10-cv-1611, 2012 WL 1022258, at *2–3 (S.D.N.Y. Mar. 22, 2012) (ruling that presumption of access did not require disclosure of terms of settlement). This is because, as is the case here, settlement agreements reveal litigation avoidance strategies and confidential employee compensation information. *See Seoul Viosys Co. v. P3 Int'l Corp.*, No. 16-cv-6276, 2018 WL 4759744, at *13 (S.D.N.Y. Sept. 30, 2018) (noting that plaintiff's "requested redactions referring to confidential settlement agreements . . . concern confidential business information that could harm Plaintiff's competitive standing"). Specifically, MetLife's competitors can free ride on the publicly divulged compensation information that cost MetLife time and investment to develop. Importantly, where, as here, a settlement is conditioned on confidentiality, the reasons for keeping its terms private are particularly strong. *Bowling v. Johnson & Johnson*, 17-cv-3982, 2019 WL 1760162, at *8 (S.D.N.Y. Apr. 22, 2019) (quoting *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, No. 12-cv-196, 2017 WL 9400673, at *3 (N.D.N.Y. Jan. 6, 2017)).

Additionally, here the presumption of access easily gives way to the parties' privacy interests because the information that has been redacted, *i.e.*, the specific amount of money paid to the Plaintiffs in settlement of any claims, is irrelevant to the Court's adjudication of Plaintiffs' motion for class certification. Defendants submit that what is relevant to class certification is the fact that these individuals signed releases that capture the claims asserted in this action, not the amount of money they received in consideration for the releases. Courts confronted with redactions of similarly irrelevant information have granted requests to redact and seal, on the grounds that such information does not rise to the level of a "judicial document" to which the presumption of access attaches. *See Gosmile, Inc. v. Dr. Jonathan Levine, D.M.D., P.C.*, No. 10-



The Honorable Ona T. Wang
July 1, 2022
Page 3

cv-8663, 2012 WL 1382557, at *1–2 (S.D.N.Y. Apr. 20, 2012) (granting request to seal documents that were "immaterial" to court's order and explaining that documents or submission that are irrelevant to the judicial function are not "judicial documents" entitled to the presumption of access); *Louis Vuitton*, 2012 WL 1022258, at *3 (concluding that confidential settlement agreement was "judicial document," but allowing redaction of "precise terms on matters that have no effect on the adjudication"); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Inc.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming protection of financial data from disclosure, agreeing with district court that protected information was not relied on by court in exercise of Article III duties). This Court should do the same here.

      We are available to answer any questions the Court may have and thank the Court for its consideration of this request.

Respectfully,

/s/ Russell L. Hirschhorn

Russell L. Hirschhorn

cc    All counsel of record

**Application GRANTED for the reasons stated in the motion. The Clerk of Court is respectfully directed to close ECF 153.**

**SO ORDERED.**

_____
Ona T. Wang    3/23/23
U.S.M.J.