UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Catherine McAlister, at al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>Metropolitan Life Insurance Company, et al.,<br><br>Defendants. | No. 18-cv-11229-DEH<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT & RELEASE** |

**WHEREAS**, a class action is pending before this Court entitled *McAlister et al. v. Metropolitan Life Insurance Co. et al.*, No. 18-cv-11229-DEH-OTW;

**WHEREAS**, the Court has reviewed and considered Plaintiffs' Motion for Preliminary Approval of Settlement (the "Motion"), as well as all papers submitted in connection therewith; the proposed Settlement as set forth in the Settlement Agreement, which, together with the exhibits and appendices thereto, sets forth the terms and conditions of a proposed settlement of the above-captioned Action, dismissing all claims against Defendants with prejudice upon the terms and conditions set forth therein, a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Action; and good cause for this Order having been shown;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The provisions of the Settlement, including the definitions and terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement.

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including the Settlement Class Members.

**Preliminary Findings Regarding Proposed Settlement**

3. The Court preliminarily finds that the proposed Settlement appears to be fair, reasonable, and adequate, and within the range of possible approval under Rule 23 of the Federal Rules of Civil Procedure, pending further consideration at the Fairness Hearing. The Court further preliminarily finds that the Settlement is the result of serious, informed, arm's-length negotiations conducted by experienced counsel and does not disclose any obvious deficiencies or improper preferential treatment. The Court further preliminarily finds that the proposed Plan of Allocation for allocating the Net Settlement Fund among Settlement Class Members is fair and reasonable.

**Preliminary Certification of the Settlement Class**

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court orders that the definition of the class that was certified in the Memorandum Opinion and Order dated September 7, 2023 (ECF No. 172) is modified for Settlement purposes only consistent with the definition of the Settlement Class, and preliminarily certifies, solely for purposes of effectuating the Settlement set forth in the Settlement Agreement, the following Settlement Class:

> All Plan participants (and their beneficiaries) who accrued a benefit under the MetLife Traditional Formula, GenAmerica Corporation Performance Plan and Trust ("GenAm Formula"), New England Life Insurance Company Retirement Plan and Trust ("New England Life Insurance Company Formula") and/or in a Personal Retirement Account and who commenced, or became eligible to commence, receipt of that benefit on or after January 1, 2013, except any Plan participant who elected a lump sum benefit prior to the Preliminary Approval Order.

5. Certification of the Settlement Class is for Settlement purposes only. If the Settlement does not become final for any reason, the fact that the Parties stipulated to certification,

or that the Court preliminarily certified the Settlement Class, shall not be construed as an admission or concession that certification of the Settlement Class, or any other, would be appropriate for litigation purposes. Defendants retain all rights to oppose certification of any class for litigation purposes.

6. Solely for purposes of the Settlement, the Court finds that the requirements of Rules 23(a) and 23(b)(1) are satisfied and appoints Catherine McAlister, Emily Ross, Scott Batey, Joan Brownell, and Lee Kernan as Class Representatives.

7. Pursuant to Rule 23(b)(1)(A), the Court finds that separate actions by individual Settlement Class Members would create a risk of inconsistent or varying adjudications that could establish incompatible standards of conduct for Defendants.

**Appointment of Class Counsel**

8. The Court appoints Izard, Kindall & Raabe LLP and Bailey & Glasser LLP as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

**Stay Order**

9. Pending final determination of whether the Settlement should be approved, all proceedings in the Action are stayed except those related to implementation of the Settlement. Pending the Final Approval Order, Settlement Class Members, their heirs, executors, administrators, successors and assigns are preliminarily enjoined from commencing or prosecuting any action asserting Released Claims against Defendants or the Releasees.

**CAFA Notice**

10. No later than ten (10) days after the filing of the Motion (including a copy of the Settlement Agreement) with the Court, Defendants shall arrange for effective service of a notice of the Settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate

federal and state officials. The Court approves the form of the CAFA notice attached to the Settlement Agreement as Exhibit 3 and orders that, upon such mailing, Defendants will have fulfilled their obligations under CAFA.

**Form and Timing of Class Notice**

11. The Court hereby approves, as to form and content, the Class Notice substantially in the form attached to the Settlement Agreement as Exhibit 4 and directs that no later than forty-five (45) days after entry of this Order Defendants shall cause the Class Notice to be sent by first class mail or electronic means to each Settlement Class Member's last known mailing address or email address in the possession of the Plan's current recordkeeper (which will suffice for all purposes in connection with this Settlement).

12. The cost of providing the Class Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Settlement Agreement.

13. The Court preliminarily finds that the distribution of the Class Notice, and the notice methodology contemplated by the Settlement and this Order:

a. Constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

b. Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to object to any aspect of the proposed Settlement; (iii) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense; and (iv) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on the Settlement Class;

c. Are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

d. Fully satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Employee Retirement Income Security Act of 1974, as amended, the Rules of this Court, and any other applicable law.

**Settlement Website**

14. Within forty-five (45) days after the entry of this Order, Class Counsel shall establish and maintain a settlement website, www.MetLifePensionSettlement.com (the "Settlement Website"), on which shall be posted this Order, the Class Notice, the Settlement Agreement and its exhibits, and such other documents as the Court or the Parties deem appropriate. The Settlement Website shall be maintained through the date on which the Settlement becomes Final.

**Fairness Hearing**

15. The Fairness Hearing shall take place before the undersigned, United States District Judge Dale E. Ho, on **November 12, 2026, at 10:30 a.m.** [pursuant to CAFA, no sooner than 90 days after service of the CAFA notices], which will be held in Courtroom 905 of the United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007, to determine:

a. Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

b. Whether the Action should be dismissed on the merits and with prejudice;

c. Whether the Court should permanently enjoin the assertion of any Released Claims by Settlement Class Members;

d. Whether the application for attorneys' fees, litigation costs, and Settlement Administration Expenses to be submitted by Class Counsel should be approved;

e. Whether the application for Case Contribution Awards on behalf of the Class Representatives should be approved; and

f. Such other matters as the Court may deem necessary or appropriate.

**Petition for Attorneys' Fees, Costs, and Case Contribution Awards**

16. Any petition for an award to Class Representatives and/or Class Counsel of attorneys' fees, litigation costs and expenses, Settlement Administration Expenses, and/or Case Contribution Awards, and all briefs in support thereof, shall be filed no later than forty-five (45) days prior to the Fairness Hearing. Attorneys' fees shall not exceed one-third of the Gross Settlement Amount. Any opposition to such petition by Defendants shall be filed no later than twenty-eight (28) days prior to the Fairness Hearing.

**Final Approval Motion**

17. Briefs and other documents in support of final approval of the Settlement shall be filed no later than forty-five (45) days prior to the Fairness Hearing.

**Independent Fiduciary**

18. Defendants may, at their sole election, retain an Independent Fiduciary to approve in writing the Settlement. If Defendants elect to retain an Independent Fiduciary, the Independent Fiduciary, at least thirty (30) days prior to the Fairness Hearing, shall have approved in writing the Settlement in a manner consistent with Prohibited Transaction Exemption 2003-39. If the Independent Fiduciary objects to the Settlement for any reason, then the Parties may agree in

writing prior to the Fairness Hearing to modify the Settlement to satisfy the Independent Fiduciary's objection(s), or, at the sole election of Defendants, Defendants may decide that the Independent Fiduciary's approval of the Settlement is not a condition precedent to the Settlement becoming Final.

**Objections to the Settlement**

19. Any Settlement Class Member may file an objection ("Objection") to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to the request for Case Contribution Awards for Class Representatives. Any objection must comply with all criteria set forth in the Class Notice. An objector must file with the Court a statement of his, her, or its Objection(s), specifying the reason(s) for each such Objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the Objection(s). Any Settlement Class Member who files an Objection to the Settlement must also serve copies of the Objection and any supporting law and/or evidence on Class Counsel and on Defendants' Counsel. The addresses for filing Objections with the Court and serving Objections on counsel are as follows:

For Filing:

Clerk of the Court
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007
*McAlister et al. v. Metropolitan Life Insurance Co. et al.*
No. 18-cv-11229-DEH-OTW

To Class Counsel:

Christopher Barrett
IZARD, KINDALL & RAABE LLP
29 S. Main Street, Suite 305

West Hartford, CT 06107
Email: cbarrett@ikrlaw.com

To Defendants' Counsel:

Russell L. Hirschhorn
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Email: rhirschhorn@proskauer.com

20. Objectors and their private counsel (if any) must file and serve their Objections and supporting papers so that they are received by the Court and counsel no later than twenty (20) days before the Fairness Hearing. Service on counsel may be effected by email, but filing with the Court must be done by first-class mail. If objectors hire an attorney for the purpose of making an Objection, the attorney must also file a notice of appearance with the Court no later than twenty (20) days before the Fairness Hearing and serve a copy of the notice of appearance on the counsel listed above by email or regular mail on the same day that it is filed with the Court. Any member of the Settlement Class who does not timely submit a written Objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any Objection to the Settlement, and any untimely Objection shall be barred. Any responses to Objections shall be filed with the Court no later than ten (10) days before the Final Approval Hearing.

21. Any objector who files and serves a timely, written Objection in accordance with the paragraphs above may also appear at the Fairness Hearing, either for themselves or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court no later than twenty (20) days before the Fairness Hearing.

**Use of Order**

22. This Order is not admissible as evidence in any pending or future litigation for any purpose except as provided in the Settlement Agreement. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any finding of fiduciary status, fault, wrongdoing, breach, liability, or any other wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit, or that the relief requested in the Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims that he, she, or it may have in the event that the Settlement Agreement terminates. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for Settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits or appendices, nor any actions taken thereunder shall be construed as, offered into evidence as, received into evidence as, and/or deemed to be evidence of, a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense (including, but not limited to, class or collective certification) that has been, could have been, or in the future might be asserted.

**Other Provisions**

23. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement, and without prejudice

to the rights of the parties to the Settlement Agreement before it was executed. Notwithstanding the foregoing, and for the avoidance of doubt, the effectiveness of the Settlement is not contingent upon the Court approving the attorneys' fees and costs and/or any Case Contribution Award requested by Class Representatives and/or Class Counsel. Further, if the Settlement does not become Final, then no Settlement Class will be deemed to have been certified by or as a result of this Settlement Agreement, and the Action will for all purposes revert to its status as of February 15, 2026, the day immediately prior to the date on which the Term Sheet was executed, and the Action shall proceed under the Court's prior order certifying a class for litigation purposes (ECF No. 172).

24. The Court reserves the right to alter the time or the date of the Fairness Hearing, as well as whether the Fairness Hearing will take place in person or by videoconference, without further written notice to the Settlement Class, provided that the time or the date of the Fairness Hearing shall not be set at a time or a date earlier than the time and date set forth in paragraph 15 above. The Court may adjourn the Fairness Hearing and approve the proposed Settlement with such modification as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

25. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**SO ORDERED** in the Southern District of New York on June 9, 2026.

**THE HONORABLE DALE E. HO**
**UNITED STATES DISTRICT JUDGE**