UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Catherine McAlister, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Metropolitan Life Insurance Company, et al.,<br><br>Defendants. | No. 18-cv-11229-DEH |

**~~[PROPOSED]~~ FINAL JUDGMENT AND ORDER (1) GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND COSTS, AND CASE CONTRIBUTION AWARDS AND (2) DISMISSING THIS ACTION AND RELEASED CLAIMS WITH PREJUDICE**

Plaintiffs Catherine McAlister, Lee Kernan, Emily Ross, Scott Batey, and Joan Brownell ("**Named Plaintiffs**" or "**Class Representatives**") have submitted a Motion for Final Approval of the Settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement") (Dkt. 253-1). Class Counsel have also submitted to the Court their Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Costs, and Case Contribution Awards.

On June 9, 2026, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement (Dkt. 255). This Court also approved the procedure for giving Class Notice to the members of the Settlement Class and set a hearing for final approval of the Settlement (the "Fairness Hearing") to take place on November 12, 2026. The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's Order.

The Court has reviewed the papers filed in support of the Motion for Final Approval, including the Settlement Agreement and exhibits thereto, memoranda and submissions filed on behalf of the Settlement Class, and supporting declarations.

On November 16, 2026, this Court held a duly noticed Fairness Hearing to consider: (1) certification of the Settlement Class; (2) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (3) whether a judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; and (4) whether and in what amount to award attorneys' fees, expenses and costs to Class Counsel and any Case Contribution Awards to the Class Representatives for their representation of the Settlement Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties at the Fairness Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

**Definitions**

1. This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members, and venue in this Court is proper.

**No Merits Determination**

3. This Judgment does not make any determination as to the merits of this case.

**Settlement Class**

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action, with the Settlement Class defined as:

> All Plan participants (and their beneficiaries) who accrued a benefit under the MetLife Traditional Formula, GenAmerica Corporation Performance Plan and Trust ("GenAm Formula"), New England Life Insurance Company Retirement Plan and Trust ("New England Life Insurance Company Formula") and/or in a Personal Retirement Account and who commenced, or became eligible to commence, receipt of that benefit on or after January 1, 2013, except any Plan participant who elected a lump sum benefit prior to the Preliminary Approval Order.

5. The Court finds that, solely for the purpose of effectuating the Settlement, the requirements of Rules 23(a) and 23(b)(1) are satisfied and Plaintiffs should be appointed as Class Representatives. More specifically, the Court finds as follows:

(a) Pursuant to Rule 23(a)(1), that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

(b) Pursuant to Rule 23(a)(2), that Plaintiffs have alleged one or more questions of fact or law common to the Settlement Class;

(c) Pursuant to Rule 23(a)(3), that Plaintiffs' claims are typical of the claims of the Settlement Class;

(d) Pursuant to Rule 23(a)(4), that Plaintiffs will fairly and adequately protect the interests of the Settlement Class;

(e) Pursuant to Rule 23(b)(1)(A), that prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; and

(f) Pursuant to Rule 23(b)(1)(B), that adjudications with respect to individual Settlement Class Members, as a practical matter, would be dispositive of the interests of other Settlement Class Members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

**Appointment of Class Representatives and Class Counsel**

6. The Court confirms the prior appointments of Plaintiffs Catherine McAlister, Lee Kernan, Emily Ross, Scott Batey, and Joan Brownell as Class Representatives, and the law firms of Izard, Kindall & Raabe LLP and Bailey & Glasser LLP as Class Counsel.

**Settlement Approval**

7. Pursuant to Rule 23(e), this Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable and adequate to the Parties. The Court further finds that the Settlement is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

8. In determining that the Settlement is fair, reasonable, and adequate under Rule 23(e)(2), the Court has considered, among other things: (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of the proposed method of distributing relief to the Settlement Class, including that the Settlement provides automatic relief without requiring Settlement Class Members to submit claims; (c) the terms of the requested award of attorneys' fees, costs, and Case Contribution Awards; and (d) the arm's-length nature of the negotiations that resulted in the Settlement Agreement, including the Parties' participation in mediation before an experienced mediator.

9. Settlement Class Members had the opportunity to be heard on all issues regarding the Settlement, and no objections from Class Members were received.

**Approval of Plan of Allocation**

10. The Court hereby approves the Plan of Allocation as fair and reasonable.

11. The Settlement Administration Expenses shall be paid from the Gross Settlement Amount. The Court approves payment from the Gross Settlement Amount in the amount of $93,035.20 for Settlement Administration Expenses.

**Restorative Payments**

12. The monthly benefit increases made to effectuate the Plan of Allocation constitute restorative payments in accordance with Revenue Ruling 2002-45.

**Dismissal with Prejudice**

13. Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members. This action and the Released Claims are hereby dismissed in their entirety on the merits and with prejudice and without costs, and the case shall be closed.

**Releases**

14. The releases as set forth in Section IV of the Settlement Agreement, together with the definitions in Section I of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in Section IV of the Settlement Agreement, including but not limited to the definitions of Released Claims and Releasees. The Settlement

Class Members and the Plan shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Releasees.

**Covenant Not to Sue / Permanent Injunction**

15. Plaintiffs and all members of the Settlement Class are hereby barred and permanently enjoined from filing any claim or action against any Releasee based on any Released Claim. The foregoing shall be a complete defense to any such lawsuit or claim against any of the Releasees.

**Approval of Class Notice**

16. The form and means of disseminating the Class Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. As reflected in the information provided by Defendants (*see* ECF No. 270, Ex. A), Class Notices were timely distributed by first-class mail or electronic means to all Settlement Class Members. Class Counsel also gave notice by posting the Settlement Agreement and Class Notice on www.MetLifePensionSettlement.com. This notice program provided Settlement Class Members with all necessary information regarding the Settlement and their rights under the Settlement (including their right to object and appear at the Fairness Hearing). Said Notice fully satisfied the requirements of Rule 23 and complied with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution and the Employee Retirement Income Security Act of 1974, as amended.

**Attorneys' Fees and Expenses**

17. Plaintiffs and Class Counsel have moved for an award of attorneys' fees and reimbursement of costs and expenses. The Court has considered this application. The Court finds that an award of $_7,600,000___ in attorneys' fees, and reimbursement of expenses and costs in the amount of $_____564,551.40_________ is fair and reasonable, and the Court approves payment thereof pursuant to the Settlement Agreement.

**Case Contribution Awards**

18. The Court further finds that Case Contribution Awards for the Class Representatives in the amount of $_____12,000______ each are fair and reasonable, and the Court approves such awards and the payment thereof pursuant to the Settlement Agreement.

**CAFA Notice**

19. The Court finds that Defendants have complied with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, and that the CAFA notice period has elapsed.

**Use of Order**

20. Neither this Judgment, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants or the Releasees. This Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Judgment, the fact that a settlement was reached, or the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way, be used, offered, admitted, or referred to in the Action, in

any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties in a proceeding to enforce the Settlement Agreement.

**Continuing Jurisdiction**

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment, and for any other necessary purpose.

**Implementation of the Agreement**

22. The Parties are hereby authorized to implement the terms of the Settlement Agreement.

**Reasonable Extensions**

23. Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

**Entry of Final Judgment**

24. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

A full written opinion will follow this Order. The Clerk of Court is respectfully directed to close ECF Nos. 257 and 263.

SO ORDERED.

Dated: November 16, 2026
New York, New York

Dale E. Ho
United States District Judge